**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**TINA KAY HARPER,**

    Plaintiff,

    v.                                                            **CASE NO. 3:05-cv-166-J-16MCR**

**COATES-CLARK ORTHOPEDIC SURGERY**
**& SPORTS MEDICINE CENTER, LLC, and**
**CAMILLE COATES-CLARK,**

    Defendants.
_____/

**O R D E R**

Before the Court is the Defendants' Answer (Dkt. 10) to the Plaintiff's Complaint, which contains an apparent motion to dismiss both counts of the Complaint. The Plaintiff filed a Response (Dkt. 12) to the Defendants' Motion to Dismiss.

Initially, the Court notes that the motion to dismiss, improperly incorporated within the Defendants' answer, does not comply with the requirements of Local Rule 3.01, Rules of the Middle District of Florida. Local Rule 3.01 contemplates a separate motion and memorandum of law addressing all legal grounds justifying dismissal, with citations to authorities. As such, the Defendants' improper motion should be summarily denied.

However, the Court also agrees with the Plaintiff that in any event, the attempted motion to dismiss is vague and confusing and sets forth no grounds for dismissal of either Count I or Count II based on the four corners of the Complaint. The Defendants simply answer the allegations in Count I based on the federal Fair Labor Standards Act, and then summarily state that the claim should be dismissed with prejudice. They then proceed to incorporate a motion to dismiss Count II, based on breach of contract under Florida law, claiming that this count should be summarily dismissed because the Plaintiff failed to attach a copy of the alleged written agreement or contract to the Complaint.

Lastly, the Defendants incorporate a "memorandum of law," where they appear to return to the federal allegations in Count I, claiming that the Defendant company is not an "employer" under the Fair Labor Standards Act.

To prevail on a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the Defendants must show beyond all doubt that the Plaintiff can prove no set of facts in support of her claims such that dismissal is proper.  See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Hishon v. King & Spaulding, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Luckey v. Harris, 860 F.2d 1012, 1016 (11th Cir. 1988).  In other words, courts generally disfavor motions to dismiss and only grant such motions in rare circumstances.  See Gasper v. La. Stadium and Exposition Dist., 577 F.2d 897, 900 (5th Cir. 1978).  Moreover, the Court is required to accept all of the Plaintiff's well-pleaded facts as true, and all reasonable inferences are to be construed in the light most favorable to the Plaintiff.  See, e.g., Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274, n.1 (11th Cir. 1999); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998); Rickman v. Precisionaire, Inc., 902 F. Supp. 232, 233 (M.D. Fla. 1995).

Taking this allegations in the light most favorable to the Plaintiff, the Court finds that the Defendants' attempted motion does not state any grounds for dismissal of either count of the Complaint. Accordingly, the Defendants' motion to dismiss is **DENIED.**

**DONE AND ORDERED** in Chambers at Jacksonville, Florida this 23rd day of May, 2005.

JOHN H. MOORE II
United States District Judge

**Copies to:**     Counsel of Record

2