UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TINA K. HARPER,

    Plaintiff,

vs.                                              Case No.  3:05-cv-166-J-MCR

COATES-CLARK ORTHOPEDIC SURGERY &
SPORTS MEDICINE CENTER, LLC and
CAMILLE COATES-CLARK,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion for Summary Judgment. (Doc. 27). Plaintiff responded to this motion (Doc. 33) and accordingly, the matter is now ripe for judicial determination.

### I. **INTRODUCTION**

Plaintiff, Tina K. Harper, is a former employee of the Defendant, Coates-Clark Orthopedic Surgery & Sports Medicine Center. Plaintiff filed the Complaint in this case alleging violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA") and breach of contract. (Doc. 1). On August 5, 2005, the parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 21). On March 7, 2006, Defendants filed a Motion for Summary Judgment (Doc. 27) seeking to dismiss Plaintiff's claims under the FLSA. Plaintiff filed her response to this motion (Doc. 33) on March 20, 2006.

## II. <u>FACTUAL BACKGROUND</u>[1]

Plaintiff was employed by Defendant, Coates-Clark Orthopedic Surgery & Sports Medicine Center, LLC (the "Medicine Center") as an orthopedic assistant from February 2004 through August 2, 2004. Defendant, Camille Coates-Clark, is the owner and/or officer of the Medicine Center. Plaintiff alleges that Defendants violated the overtime provisions of the FLSA by failing to pay her a "rate of not less than one and one-half times the regular rate at which she was employed for workweeks longer than forty (40) hours." (Doc. 1, ¶12). Additionally, Plaintiff claims Defendants violated Florida Statutes, Chapter 448 for failing to pay her wages.[2]

According to Plaintiff's affidavit in support of her opposition to the Motion for Summary Judgment, while working for Defendants, Plaintiff regularly and routinely used the telephone and facsimile to "obtain, communicate and receive information such as verification of patient insurance with insurance companies located outside the State of Florida." (Doc. 33, Ex. A, ¶3). Plaintiff also claims she used the telephone and facsimile to send and receive written reports, messages and medical records and used the telephone to order goods and supplies from individuals outside Florida. (Doc. 33, Ex. A, ¶¶4-5). Plaintiff claims she used the telephone and facsimile to perform these duties on a daily basis and that without these communications, Defendants could not have provided services to the majority of their clients. (Doc. 33, Ex. A, ¶¶6-7).

---

[1] Consistent with summary judgment practice, the facts stated are either undisputed or are stated in a light most favorable to Plaintiff. See <u>White v. Mercury Marine, Div. of Brunswick, Inc.</u>, 129 F.3d 1428, 1430 (11th Cir. 1997).

[2] Defendants' Motion for Summary Judgment does not address this claim.

In the affidavit supporting their Motion for Summary Judgment, Defendants note that in the year 2004, the Medicine Center had gross receipts of $456,224.00.  (Doc. 27, Ex. 1).

### III.  ANALYSIS

#### A.  Standard of Review for Motions for Summary Judgment

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  Fed.R.Civ.P. 56(c).  Factual issues are "genuine" when there is a real basis in the record.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).  The burden is on the moving party, and is satisfied if there is no evidence in the record to support an essential element of the non-moving party's case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986).

Any evidence presented must be evaluated in the light most favorable to the non-moving party.  See White, 129 F.3d at 1430 (internal citations omitted).  Additionally, all reasonable inferences will be drawn in favor of the non-moving party, however, the inferences must be plausible.  See Griesel v. Hamlin, 963 F.2d 338, 341 (11th Cir. 1992); Mize v. Jefferson City Bd. Of Educ., 93 F.3d 739, 743 (11th Cir. 1996).

In order to survive a motion for summary judgment, the non-moving party must present more than a mere "scintilla of evidence" in opposition to the motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986).  If a reasonable juror could infer from the evidence presented, the conclusions upon which the non-

moving party depends, the motion for summary judgment should be denied. <u>Alphin v. Sears, Roebuck & Co.</u>, 940 F.2d 1497, 1500 (11th Cir. 1991).

## B. **FLSA Coverage**

Defendants' primary argument is that they are not covered by the FLSA because the company did not have gross annual sales of at least $500,000.00 per year. Defendants are correct that in order to be considered an "enterprise engaged in commerce or in the production of goods for commerce," the company must have an annual gross volume of sales made or business done which is not less than $500,000.00. 29 U.S.C. §203(s)(1)(A)(i). However, as Plaintiff correctly notes, the overtime provision of the FLSA, 29 U.S.C. §207, covers not only enterprises engaged in commerce or in the production of goods for commerce, but also employees who themselves are either engaged in commerce or in production of goods for commerce. Indeed, 29 U.S.C. §207 provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. §207(a)(1). Plaintiff argues that she was engaged in commerce while employed with Defendants and therefore, she is covered by the overtime provisions of the FLSA.

The Supreme Court has established the test for determining whether an employee is engaged in commerce "is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." McLeod v. Threlkeld, 319 U.S. 491, 497, 63 S.Ct 1248, 1251 (1943).  The FLSA defines commerce as: "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  29 U.S.C. §203(b).  Moreover, the regulations provide:

> [S]ince "commerce" as used in the act includes not only "transmission" of communications but "communication" itself, employees whose work involves the continued use of the interstate mails, telegraph, telephone or similar instrumentalities for communication across State lines are covered by the act.  This does not mean that any use by an employee of the mails and other channels of communication is sufficient to establish coverage.  But if the employee, as a regular and recurrent part of his duties, uses such instrumentalities in obtaining or communicating information or in sending or receiving written reports or messages, or orders for goods or services, or plans or other documents across State lines, he comes within the scope of the act as an employee directly engaged in the work of "communication" between the State and places outside the State.

29 C.F.R. §776.10(b) (2005).

Here, Plaintiff's affidavit states that her regular and recurring duties required her to utilize the telephone and facsimile to send and receive information regarding patient insurance verification, written reports, messages and medical records from individuals outside Florida.  (Doc. 33, Ex. A, ¶¶3-4).  Additionally, Plaintiff claims she used the telephone to place orders for goods and services from individuals outside Florida.  (Doc.

33, Ex. A, ¶5).  Plaintiff alleges she engaged in this sort of activity on a daily basis and that Defendants could not have provided services for a majority of their clients without her performing these duties.  (Doc. 33, Ex. A, ¶¶6-7).  As such, the Court believes Plaintiff has presented genuine issues of material fact as to whether she was engaged in commerce pursuant to the FLSA and the Court will deny Defendants' Motion for Summary Judgment.

Accordingly, after due consideration, it is

**ORDERED**:

1. Defendants' Motion for Summary Judgment (Doc. 27) is **DENIED**.

2. The Court will hold a status conference with the parties to discuss the Pretrial Conference and trial preparation on Thursday, June 8, 2006 at 10:00 a.m. at the United States Courthouse, Courtroom No. 5C, Fifth Floor, 300 North Hogan Street, Jacksonville, Florida.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  15th  day of May, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record