UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TINA KAY HARPER,

    Case No.: 3:05-CV-166-J-16MCR

    Plaintiff,

vs.

COATES-CLARK ORTHOPEDIC SURGERY
& SPORTS MEDICINE CENTER, LLC and
CAMILLE COATES-CLARK,

    Defendants.
_____/

## PLAINTIFF'S MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff, TINA KAY HARPER, by and through her undersigned counsel, hereby files her Motion *In Limine* pursuant to the Court's Case Management Order and Local Rule 3.01. Plaintiff respectfully requests an Order prohibiting Defendants (hereinafter collectively referred to as "Defendant") from presenting evidence and/or arguing:

1. That Plaintiff has bumper stickers on her automobile that have words or statements regarding "Rednecks" or other similar statements;

2. Any evidence relating to Plaintiff's prior or subsequent employment;

3. Any exhibits, documents or witnesses produced and/or disclosed outside discovery deadline; and,

1

## MEMORANDUM OF LAW

### I. Bumper Stickers.

Plaintiff believes Defendant intends to introduce evidence relating to bumper stickers that are affixed to Plaintiff's automobile containing certain potentially inflammable and prejudicial statements regarding "Rednecks" and other similar statements. Plaintiff is at a complete loss as to how these matters would be relevant to the issues to be litigated in this matter. The very purpose of introducing the aforementioned evidence is to paint Plaintiff in a harsh light so as to mislead the jury into concluding that Plaintiff is not entitled to recover for overtime either because she is a bad person or because she is racially prejudiced. Such evidence of "bad acts" would improperly evoke jury prejudice which would prevent Plaintiff from receiving a fair trial. Defendant should not be allowed to divert the jury's attention from the straightforward unpaid overtime claims raised herein. Even if the above evidence was admissible, which it is not, it should be excluded because the value of such evidence is substantially outweighed by its prejudicial effect. Rule 403 of the Federal Rules of Evidence provides:

> Although relevant, evidence may be excluded if it is probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 403 is specifically designed to prevent the introduction of testimony likely to lead the jury to decide the case on an improper basis, and the danger of having the case decided on completely irrelevant and emotionally charged grounds is great if evidence of other actions or allegations is admitted.

In balancing the probative value of the anticipated evidence, this Court should

also consider the time Plaintiff will spend defending against these irrelevant matters. This would require the Court to devote a great deal of trial time to issues that are, at best, collateral to Plaintiff's claims.

Furthermore, Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible." Rule 401 of the Federal Rules of Evidence defines "relevant evidence" to mean:

> Evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

For testimony to be relevant, it must help establish a fact of consequence related to the party's claim. See Fed. R. Evid. 401, Advisory Committee Notes (1996). Thus, when testimony fails to establish a material fact of the party's allegation or claim, the testimony is irrelevant and inadmissible. Fed. R. Evid. 402. Here, Plaintiff's bumper stickers are not relevant as to whether or not she performed overtime work for which she was not compensated – which is the precise issue before the Court.

Rule 404 (b) of the Federal Rules of Evidence provides:

> (b) Other crimes, wrongs, or acts. - Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

None of the exceptions set forth in Rule 404(b) are applicable herein. The evidence Defendant seeks to introduce will not assist the jury in determining whether or not Plaintiff performed overtime work for which she was not compensated.

## II. Any evidence relating to Plaintiff's prior or subsequent employment.

Plaintiff believes Defendant will also attempt to introduce evidence relating to Plaintiff's employment prior and subsequent to her employment with Defendant. Such evidence is irrelevant, would amount to nothing more than a waste of time and would be evidence presented for no purpose whatsoever in establishing whether or not Plaintiff is entitled to overtime compensation from Defendant.

## III. Any exhibits, documents or witnesses produced and/or disclosed outside discovery deadline.

Defendant did not produce Composite Exhibit 45 during discovery and disclosed the Exhibit after the final pre-trial meeting with the undersigned; thus, the Exhibit should be excluded. Defendant also did not disclose one of its witnesses, Misty Hamling,[1] until after the pre-trial meeting. District Courts have authority to exclude witnesses and documents not produced or disclosed during the discovery period. Fed. R. Civ. P. 37(b)(2)(B); *see Barner v. City of Harvey*, 1998 WL 664951, *5 (N.D. Ill. 1998); *W.G. Pettigrew Dist. Co. v. Borden, Inc.*, 976 F. Supp. 1043, 1051 (S.D. Tex. 1996).

Plaintiff has been prejudiced by the revelation of Exhibit 45 after the discovery period has ended and long after Defendant knew or should have known these documents would be relevant to its defense of Plaintiff's claims. Defendant claims it did not know these documents would be relevant until Plaintiff responded to Defendant's Motion for Summary Judgment on March 20, 2006. (Doc. #45, ¶3). However, Defendant offers no

---

[1] Defendant only disclosed Ms. Hamling's name and did not disclose her address and telephone number as required.

4

explanation as to why it failed to disclose these documents until four (4) months after Plaintiff filed her Response. Defendant also offers no explanation why these documents were not available for the undersigned to inspect and review on July 20, 2006, when the undersigned traveled from Orlando, Florida, to Jacksonville, Florida, to meet with counsel for Defendant to prepare the Joint Pre-Trial Statement. This Court's Order dated June 8, 2006 (Doc. #38) required counsel for the parties to "timely adhere to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures." Local Rule 3.06(b)(3) states, in pertinent part, that all exhibits or documents to be offered by any party at trial are to be made available for inspection during the in-person meeting to prepare the Final Pre-Trial Statement. Thus, Defendant not only failed to timely provide these documents to Plaintiff, Defendant also failed to comply with this Court's Order directing the parties to adhere to the requirements of Local Rule 3.06. Defendant had a duty to disclose these documents upon which it intends to rely. See Fed. R. Civ. P. 26(a)(1). By disclosing the documents beyond the Joint Final Pretrial Statement stage, Plaintiff was unable to depose witnesses, conduct any other discovery relating to the documents, and inspect and review these documents at the final pre-trial meeting. Admitting documents not disclosed until after the final pre-trial meeting defeats the purpose of the discovery period, and "[l]ast minute tender of documents does not cure the prejudice to opponents...." *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997) (explaining issue is not present willingness to comply but prejudice from past delay). Due to the untimely disclosure, and more importantly, the prejudice to Plaintiff, Composite Exhibit 45 should be excluded.

Further, there is a serious issue of whether or not Defendant's documents are

protected from disclosure by Health Insurance Portability and Accountability Act ("HIPAA"), as HIPAA only applies to Defendant as a health care provider.

As to Defendant's witness, Plaintiff has been prejudiced because she did not have an opportunity to depose the witness. Additionally, Defendant's failure to properly disclose all of the information required pursuant to Rule 26(1) has impeded Plaintiff's ability to properly prepare to cross-examine this witness at trial. Plaintiff still does not know the subject matter of the information this witness has as required to be disclosed pursuant to Rule 26(1)(A) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff respectfully requests an Order excluding the evidence and testimony addressed herein.

## CERTIFICATE OF GOOD FAITH COMPLIANCE

Pursuant to Local Rule 3.01(g), counsel for the Plaintiff certifies that a good faith effort has been made to resolve the pending issue with opposing counsel, and that opposing counsel has indicated that he is opposed to the instant motion.

Dated this 27th day of July, 2006.

Respectfully Submitted,

/s/ Mary E. Lytle
MARY E. LYTLE, ESQ.
Florida Bar No.: 0007950
K.E. PANTAS, ESQ.
Florida Bar No.: 0978124
PANTAS LAW FIRM
1720 S. Orange Ave., 3rd Floor
Orlando, FL 32806
Telephone: 407-425-5775
Facsimile: 407-425-2778
Attorneys for Plaintiff
Email: clerk@pantaslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I presented the foregoing to the Clerk of the court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following: Edward W. Dawkins, Esq. and Burney Bivens, Esq., 1543 Kingsley Avenue, Suite 18-B, Orange Park, FL 32703, this 27th day of July, 2006.

/s/ Mary E. Lytle
MARY E. LYTLE, ESQ.