UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TINA K. HARPER,

        Plaintiff,

vs.                                  Case No.  3:05-cv-166-J-MCR

COATES-CLARK ORTHOPEDIC SURGERY &
SPORTS MEDICINE CENTER, LLC and
CAMILLE COATES-CLARK,

        Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion in Limine (Doc. 46) filed July 27, 2006.  Defendants filed a response to this Motion on August 4, 2006 (Doc. 52) and the Court heard arguments from the parties during the Final Pretrial Conference on August 7, 2006.

Plaintiff seeks an Order prohibiting Defendants from presenting three categories of evidence: (1) evidence regarding bumper stickers on Plaintiff's car, (2) evidence relating to Plaintiff's prior and/or subsequent employment and (3) any evidence not produced during discovery.  With respect to the first and second categories of evidence, the Court agrees with Plaintiff that such information is not relevant to the instant case. Indeed, Defendants did not provide the Court with any arguments as to the potential relevance of Plaintiff's prior and subsequent information and admitted it did not have any information about such employment.  As for the evidence regarding bumper

-1-

stickers, Defendants argued such evidence was relevant to show Plaintiff's state of mind and challenge her credibility.  The Court does not agree.  Such evidence sheds no light on Plaintiff's credibility and Plaintiff's state of mind is not an issue in this case.  The case addresses Plaintiff's claims that she worked overtime for Defendants and that Defendants failed to properly pay her for that overtime in violation of the Fair Labor Standards Act (the "FLSA").  As such, the Court finds the evidence regarding bumper stickers and Plaintiff's prior and subsequent employment is not relevant and Defendants will not be permitted to present such evidence at the trial.[1]

The Court now turns to Plaintiff's claims that Defendants should not be permitted to present evidence not timely disclosed.  According to Plaintiff, Defendants did not produce their composite exhibit 45 during discovery or at the pretrial meeting in which the parties were directed to exchange exhibits.  Plaintiff also argues Defendants failed to disclose a witness, Misty Hamling, until after the pretrial meeting.  According to Defendants, the evidence contained in composite exhibit 45 shows that Plaintiff was not engaged in commerce pursuant to the FLSA and is therefore, crucial to their case.

During the Final Pretrial Conference, the Court asked counsel for Defendants why they did not disclose Ms Hamling as a witness or produce the documentation in composite exhibit 45 until after the pretrial meeting.  Counsel for Defendants claimed they did not discover Ms. Hamling until July 25, 2006.  Counsel also stated that Defendants were not aware of the relevance of the documents in composite exhibit 45

---

[1]  Even if the evidence regarding the bumper stickers were relevant, any probative value of the evidence would be outweighed by its potential to prejudice the jury and it would be ordered withheld pursuant to Rule 403 of the Federal Rules of Evidence.

until after Plaintiff responded to their motion for summary judgment and raised the issue that Plaintiff was engaged in commerce.  Counsel for Plaintiff, however, pointed out that Plaintiff's response to the motion for summary judgment (Doc. 33) was filed in March 2006 and Defendants waited until after the pretrial meeting on July 20, 2006, in which to produce the information.  Defendants further claimed they were not able to produce the documents earlier because it was difficult to locate the material.  According to counsel for Defendants, Defendant, Coates Clark Orthopedic Surgery and Sports Medicine Center is a two-person operation and it was challenging for such operation to locate the documents.  Plaintiff responds that Defendants have continued to produce documents to add to their exhibit list since the time they produced the documents in composite exhibit 45 and argues that if the Court allows this evidence to be presented at trial, Plaintiff will be prejudiced as she has had no opportunity to review and conduct discovery regarding this information.

The Court is extremely concerned about counsel for Defendants behavior.  The Court understands counsel's failure to realize the importance and relevance of the documents at issue until the ruling on the motion for summary judgment, however, counsel has provided the Court with no satisfactory reason for its failure to produce the information either prior to or at least at the pretrial meeting.  The Court is satisfied counsel did not engage in a malicious attempt to conceal the information but rather believes a lack of diligence is more to blame.  Because the Court believes the information is very relevant and necessary to Defendants' case, it will permit the documents in composite exhibit 45 as well as the testimony of Ms. Hamling to be

-3-

introduced at trial.  However, counsel for Plaintiff must be given an opportunity to conduct discovery regarding the evidence.

During the Final Pretrial Conference, counsel for Plaintiff indicated she needed sixty days in which to conduct further discovery regarding the untimely disclosed information.  Counsel stated she would need to depose Ms. Hamling and Defendants' record custodian, Phillip Clark, as well as subpoena all phone records for Defendants. The Court believes such discovery is necessary and reasonable and will permit it.  The Court is not opening general discovery.  Defendants are not permitted to engage in any further discovery and Plaintiff is not permitted to conduct discovery outside that outlined in this Order.  Additionally, Defendants are forbidden from continuing to add further trial exhibits to their list.  Defendants are directed to arrange for Ms. Hamling and Mr. Clark to travel to Orlando (at Defendants' expense) for their depositions at a date mutually agreeable to the witnesses and the parties.  Defendants will further be required to pay for all of Plaintiff's discovery costs, excluding attorney's fees.[2]

The trial in this case will be continued until **Monday, October 23, 2006** at 9:00 a.m.  Additionally, the Court will allow Plaintiff to file any further motions in limine she may deem necessary after conducting the discovery no later than **Tuesday, October 10, 2006**.  The parties shall file their proposed voir dire questions, proposed jury instructions, proposed verdict form and  proposed brief statement of the case to be read to the venire as discussed during the Final Pretrial Conference no later than **Monday, October 16, 2006**.  The Court will conduct a telephonic status conference with the

---

[2] The Court will determine at a later date whether any attorney's fees should be awarded based on Defendants' failure to timely produce the evidence.

parties **Thursday, October 12, 2006** at 10:00 a.m.  Counsel for Plaintiff will be responsible for initiating the conference call and shall make appropriate arrangements to have counsel for the parties on the conference call prior to calling the Court's conference call number **(904) 301-6816**.

Finally, during the Conference, the parties indicated a willingness to further explore settlement and asked for a settlement conference before a Magistrate Judge. As such, the parties are directed to confer and file a notice with the Court providing three alternative dates for the settlement conference to be conducted.  This notice shall be filed no later than **Thursday, August 31, 2006**.

Accordingly, after due consideration, it is

**ORDERED**:

1.      Plaintiff's Motion in Limine is **GRANTED in part and DENIED in part** as explained in the body of this Order.

2.      The trial in this matter is hereby continued until Monday, October 23, 2006 at 9:00 a.m. and the deadlines discussed in the Final Pretrial Conference are withdrawn.  The parties are now governed by the deadlines established in this Order.

3.      No later than August 31, 2006, the parties shall file a notice indicating three alternative dates during which to conduct a settlement conference before a Magistrate Judge.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __7th__ day of

August, 2006.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record