UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TINA K. HARPER,

    Plaintiff,

vs.                                                      Case No. 3:05-cv-166-J-MCR

COATES-CLARK ORTHOPEDIC SURGERY &
SPORTS MEDICINE CENTER, LLC and
CAMILLE COATES-CLARK,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 55) filed August 24, 2006.  Plaintiff filed a response in opposition to this motion (Doc. 56) on August 25, 2006.  Accordingly, the matter is now ripe for judicial review.

      Defendant, Camille Coates-Clark asks this Court to dismiss Plaintiff's claims against her as Coates-Clark claims she is not liable pursuant to the corporate shield doctrine.  (Doc. 55).  Specifically, Coates-Clark takes the position that Florida Statute §608.4228 protects her from liability under the Fair Labor Standards Act (the "FLSA").  Florida Statute §608.4228 provides:

> 1) A manager or a managing member shall not be personally liable for monetary damages to the limited liability company, its members, or any other person for any statement, vote, decision, or failure to act regarding management or policy decisions by a manager or a managing member, unless:

> (a) The manager or managing member breached or failed to perform the duties as a manager or managing member; and
>
> (b) The manager's or managing member's breach of, or failure to perform, those duties constitutes any of the following:
>
>> 1. A violation of the criminal law, . . .
>>
>> 2. A transaction from which the manager or managing member derived an improper personal benefit, either directly or indirectly.
>>
>> 3. A distribution in violation of s. 608.426.
>>
>> 4. In a proceeding by or in the right of the limited liability company to procure a judgment in its favor or by or in the right of a member, conscious disregard of the best interest of the limited liability company, or willful misconduct.
>>
>> 5. In a proceeding by or in the right of someone other than the limited liability company or a member, recklessness or an act or omission which was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Accordingly, it is Defendant's position that this statute dealing with limited liability companies controls and prevents her from being liable under the FLSA. The only case Defendant cites to support her position is Sims v. O'Leary, 2006 WL 1816273 (Fla. 4th DCA 2006). In Sims, a non-resident defendant filed a motion to dismiss for lack of personal jurisdiction claiming there were no allegations to bring the individual defendant within Florida's long-arm statute. There has been no allegation that Defendant Coates-Clark is not a resident of Florida and therefore, this case is not on point.

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  As such, the statute explicitly includes within its definition of "employer" individuals other than the actual employer as long as they have acted in the interests of the employer.  As Courts have noted:

> This statutory language supports ignoring corporate form in order to attach liability under the FLSA to an individual that "act[s] directly or indirectly in the interest of an employer." Courts disregard the limited liability of incorporation and extend liability under the FLSA to corporate officers and directors only if they fall under the definition of "employer." In doing so, courts have been guided by a strong history of precedents liberally construing the FLSA so as to further its remedial goal of protecting the nation's workers.

U.S. v. Sebring Homes Corp., 879 F. Supp. 894, 898 (N.D. Ind. 1994) (citations omitted).  The Complaint in this case (Doc. 1) alleges Defendant Coates-Clark was the owner and/or officer of Coates-Clark Orthopedic Surgery & Sports Medicine Center, LLC, was acting directly or indirectly in the interest of Coates-Clark Orthopedic Surgery & Sports Medicine Center, LLC and was substantially in control of the terms and conditions of Plaintiff's work.  As such, the Court finds Plaintiff has alleged enough to survive a motion to dismiss as to whether Defendant Coates-Clark is an employer under the FLSA and therefore, jointly and severally liable for Plaintiff's claims of unpaid wages.

Plaintiff also asks for an award of sanctions pursuant to Rule 11.  (Doc. 56).  The Court does not believe Defendant's motion warrants the imposition of sanctions and will therefore, deny this request.

Accordingly, after due consideration, it is

**ORDERED**:

Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 55) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  30th

day of August, 2006.

      *Monte C. Richardson*
      MONTE C. RICHARDSON
      UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record